```
GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
VINCE FARHAT
Assistant United States Attorney
California Bar Number 183794
Major Frauds Section
PIO S. KIM
Assistant United States Attorney
Asset Forfeiture Section
California Bar Number 156679
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2872
     Facsimile: (213) 894-6269
     E-mail:    Vince.farhat@usdoj.gov
     E-mail:    Pio.kim@usdoj.gov
```

E-FILED 11/02/09

LINK #37

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-01070-PSG |
| Plaintiff, | [~~PROPOSED~~] ORDER GRANTING GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE INTRODUCTION OF DEFENDANT'S HEARSAY STATEMENTS BY DEFENDANT |
| v. | |
| MILTON LEE VANDEVORT, aka Lee Vandevort, aka Leland W. Vandervort, | |
| Defendant. | |

The Court has read and considered the papers filed in connection with the government's Motion In Limine to Exclude Introduction of Defendant's Hearsay Statements by Defendant ("Motion"), and after considering the argument of counsel, the Court now HEREBY GRANTS the Motion.

//

11

IT IS HEREBY ORDERED that any portions of defendant's prior statements not offered into evidence by the government and not testified to by defendant shall be excluded from the trial in this case as inadmissible hearsay. The excluded hearsay statements include, but are not limited to, the following statements made by defendant in connection with the appeal of Always There Nursing Care in the Administrative Hearing Bureau of the California Department of Insurance:

(1) defendant's direct-examination narrative wherein he testifies concerning ATNC's position that the nurses and other caregivers are independent contractors, (Workers Comp. Trs., 1552-1562);

(2) all testimony by defendant that the ATNC "d.b.a." (doing business as) entity is somehow different and distinct from the ATNC corporation, (id. 1563-67);

(3) all testimony by defendant that his wife has no involvement with the ATNC d.b.a., (id. 1563-67);

(4) defendant's redirect examination narrative, (id. 1647-1649); and

(5) any portion of the transcript not otherwise offered into evidence by the government.

Defendant may explain any statements offered by the government by testifying at trial. He may not, however, place his false exculpatory statements "before the jury without subjecting [himself] to cross-examination, precisely what the hearsay rule forbids." United States v. Fernandez, 839 F.2d 639, 640 (9th Cir.), cert. denied, 488 U.S. 832 (1988). This includes placing the statements before the jury through defense witnesses

or by cross-examining government witnesses with defendant's hearsay statements.

IT IS SO ORDERED.

DATED: _____11/02_____, 2009

**PHILIP S. GUTIERREZ**
THE HONORABLE PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE